

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John Q. McAdams, Commissioner
Department of Banking
Austin, Texas

Dear Mr. McAdams:　　　　Opinion No. O-4610

　　　　　　　　　　　Re: Whether or not the Banking Com-
　　　　　　　　　　　　missioner is required to fur-
　　　　　　　　　　　　nish a certified copy under the
　　　　　　　　　　　　provisions of Article 2732, to
　　　　　　　　　　　　any one applying therefor.

　　　　We have your request of May 25, 1942, for an opin-
ion, as follows:

　　　　　　"A state banking corporation, having gone
　　　　into voluntary liquidation under the provisions
　　　　of Articles 539 and 540 of the Revised Statutes,
　　　　and being in the process of such liquidation, is
　　　　a defendant in a suit now pending. A former ex-
　　　　aminer of this Department has advised the plain-
　　　　tiff in that suit that he has a general recollect-
　　　　ion of certain matters material to the suit, such
　　　　information having been gained during the course
　　　　of an examination. He further advises the plain-
　　　　tiff that he cannot testify with accuracy without
　　　　first having his memory refreshed by referring to
　　　　his examination report on file in this office.
　　　　The plaintiff has made request for a certified
　　　　copy of the examiner's report, taking the posi-
　　　　tion that under the provisions of Article 2732,
　　　　he is entitled to such certified copy.

　　　　　　"This Department is advised informally that
　　　　all the depositors of the bank have been paid in
　　　　full, but no certificate of dissolution has been
　　　　filed with the Department. We respectfully sub-
　　　　mit the following question in the light of the
　　　　above facts:

　　　　　　"Is the examination report a public record
　　　　of which the Commissioner is required to furnish
　　　　a certified copy under the provisions of Article
　　　　2732?" (3722)

It is well settled insofar as the opinions of this Department can settle a legal question, that a bank examiner's report in the hands of the Banking Commissioner is privileged to that officer upon the high grounds of public policy, the essence of such policy being that to disclose the contents of such report might be calculated to injure or even destroy the bank reported; whereas, the Banking Commissioner himself is clothed with exceeding power with respect to the activities of State banking institutions. See opinion No. O-82 of this Department rendered to Honorable Z. Gossett, your predecessor as Banking Commissioner on January 12, 1939. (Copy herewith). See, also, the opinion of Attorney General Cureton, of date March 4, 1915, rendered to Honorable John S. Patterson. (Opinions - Attorney General, 1914-1916, p. 189).

These opinions hold, and rightfully, we think, that the withholding of such reports by the Commissioner as privileged, is a matter of sound official discretion on the part of the Commissioner, depending upon whether or not the contents of such instrument, if divulged, would be inimical to the public policy.

Your question, under the facts stated by you, however, presents the narrower question of whether or not this general rule of privilege extends to a closed bank, that is, one in voluntary liquidation under the statute.

Of course, the public policy with respect to such matters pertains to those things in which the State is directly concerned, and where the subject bank is not a going concern, and therefore the State's anxiety with respect to its transacting business, is not involved, the reason of the rule of privilege does not exist. In such a case the Commissioner's discretion, to say the least of it, is greatly enlarged, if not made absolute. It is conceivable, possibly, that notwithstanding the subject bank is closed, there might be in the report some matter that would or could offend public policy, but it is difficult to mention an instance.

So that, you are respectfully advised that it is within your sound legal discretion, under all the circumstances stated by you, to furnish the certified copies mentioned by you.

Honorable John C. McAdams - page 3

    Trusting that what we have said answers your inquiry, we are

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By _____
Ocie Speer
Assistant

CS-MR

APPROVED JUN 2, 1942

*[signature]*
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN